**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1430**

_____

HAROLD JAMES HOBLICK; MIRIAM HOBLICK,

Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:19-cv-01829-DCN)

_____

Submitted:  August 7, 2023                               Decided:  August 16, 2023

_____

Before GREGORY and THACKER, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Harold James Hoblick, Miriam Hoblick, Appellants Pro Se.  Michelle Delemarre, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Hoblick and Miriam Hoblick appeal the district court's order granting their motion to alter or amend the court's judgment dismissing for lack of admiralty jurisdiction their claims of negligence and loss of consortium and entering judgment in favor of the United States on those claims. The Hoblicks alleged in their complaint that Harold, a maritime facility security guard, was assaulted and seriously injured by a crewmember on board the USNS Maury (the "Maury"), a vessel owned and operated by the United States. The district court dismissed the action for lack of subject matter jurisdiction, finding, as relevant here, that the United States was entitled to sovereign immunity on the Hoblicks' claims of negligence arising from the United States' hiring, supervision, and retention of its employee. We affirm.

We review de novo a district court's dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *Balfour Beatty Infrastructure, Inc. v. Mayor & City Council of Balt.*, 855 F.3d 247, 251 (4th Cir. 2017). Dismissal under Rule 12(b)(1) is appropriate "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (internal quotation marks omitted).

"As a general matter, the United States is immune from suit unless it waives that immunity." *Sanders v. United States*, 937 F.3d 316, 327 (4th Cir. 2019) (internal quotation marks omitted). The Suits in Admiralty Act, 46 U.S.C. §§ 30901-18, and the Public Vessels Act, 46 U.S.C. §§ 31101-13, each contain limited waivers of the United States' sovereign immunity. *Wu Tien Li-Shou v. United States*, 777 F.3d 175, 183-84 (4th Cir. 2015). While neither statute "contains an explicit exception to the scope of its waiver,"

2

we have held that both acts "must be read to include a discretionary function exception" to their waivers of sovereign immunity. *Id.* at 184 (internal quotation marks omitted).

We look to Federal Tort Claims Act (FTCA) cases for guidance in applying the discretionary function exception. *Id.* The FTCA's waiver of sovereign immunity does not apply to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of [the United States], whether or not the discretion involved be abused." *Blanco Ayala v. United States*, 982 F.3d 209, 214 (4th Cir. 2020) (internal quotation marks omitted). Determining whether the discretionary function exception applies requires application of a two-pronged test. *See Wood v. United States*, 845 F.3d 123, 128 (4th Cir. 2017). First, we evaluate "whether the conduct in question involves an element of judgment or choice." *Id.* (internal quotation marks omitted). "The exception does not apply when a federal statute, regulation, or policy specifically prescribes a course of action for [a government] employee to follow." *Blanco Ayala*, 982 F.3d at 214 (internal quotation marks omitted).

Second, "[i]f the challenged conduct is the product of judgment or choice," we analyze "whether the challenged conduct is of the kind that the discretionary function exception was designed to shield, i.e., a decision based on considerations of public policy." *Clendening v. United States*, 19 F.4th 421, 432 (4th Cir. 2021) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 11 (2022). In conducting this analysis, "we do not inquire whether policy considerations *were actually* contemplated in making a decision." *Id.* at 435 (internal quotation marks omitted). Instead, we consider only whether "the inherent, objective nature of the challenged decisions" is "of the type normally thought to involve

3

policy choices." *Blanco Ayala*, 982 F.3d at 217 (internal quotation marks and brackets omitted); *see Sanders*, 937 F.3d at 328 (focusing "on the nature of the actions taken and on whether they are susceptible to policy analysis" (internal quotation marks omitted)). Because exceptions to the waiver of sovereign immunity "work to defeat the subject matter jurisdiction of the federal courts," plaintiffs bear the burden "to establish that the discretionary function exception does not foreclose their claim." *Blanco Ayala*, 982 F.3d at 214 (internal quotation marks omitted).

Here, as the district court noted, the Hoblicks cite no governmental policy or regulation controlling how the United States hires or retains employees on board the USNS Maury. Therefore, when we apply the framework described above, the relevant question becomes whether the United States' hiring and retention decisions are of the kind grounded in public policy that the discretionary function exception is designed to protect. We agree with the United States that its decisions to hire and retain an employee are the type of discretionary decisions that are grounded in public policy. Thus, we conclude that the district court lacked subject matter jurisdiction over the Hoblicks' negligent hiring and retention claims, and we affirm the district court's dismissal of those claims.[*]

---

[*] Because the Hoblicks do not challenge in their informal brief the district court's grant of summary judgment to the United States on Miriam's loss of consortium claim, they have failed to preserve this issue for appellate review. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief." (citing 4th Cir. R. 34(b))).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*